No. 89-132

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

GARY ALLEN GIBSON,

           Plaintiff and Appellant,

      -vs-

CHUCK SWANSON and JULIE SWANSON,

           Defendants and Respondents.

---

APPEAL FROM:  District Court of the Eighteenth Judicial District,
              In and for the County of Gallatin,
              The Honorable Joseph B. Gary, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

           Gary Allen Gibson, pro se, Atlanta, Georgia

      For Respondent:

           Richard W. Heard, Columbus, Montana
           Douglas C. Allen, Great Falls, Montana

---

Submitted on Briefs:   Sept. 15, 1989

Decided:   October 17, 1989

Filed:

_____
                Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Gary Allen Gibson brought this suit against the Swansons for breach of contract on a thoroughbred mare they sold him. Gibson failed to appear for trial. The District Court of the Eighteenth Judicial District, Gallatin County, entered judgment for the Swansons. Gibson appeals. We affirm.

Gibson states the issue as whether the District Court abused its discretion in granting judgment for the Swansons.

In November 1985, Gibson agreed to purchase a nine-year-old thoroughbred mare, What-a-Hurry, from the Swansons. The purchase price, arrived at after several months' negotiations, was $12,000. In February 1986, the mare was transported by commercial carrier from Whitehall, Montana, near the Swansons' farm in Gallatin Gateway, Montana, to Bohon Farm in Harrodsburg, Kentucky.

Gibson's complaint alleged that What-a-Hurry was not sound for breeding when the Swansons sold her, although that was a condition of the sale. Gibson asked for damages including the contract price; boarding, transportation, and breeding fees for What-a-Hurry; punitive damages; and his costs and attorney fees in bringing this action.

Gibson retained counsel in Bozeman, Montana, for approximately six months after he filed his complaint. That attorney withdrew in September 1988, four months prior to trial. Gibson did not appear in person or by counsel at the January 1989 pretrial hearing, which had been scheduled three months in advance. At the pretrial hearing, the court entertained a written motion by Gibson to continue the trial date. The court reviewed the history of the case and ruled that "Plaintiff has had one year's notice of the trial setting in this matter and his

2

request to continue the same served three (3) days before the final Pretrial Conference is not timely nor justified."

Gibson did not appear by counsel or in person at trial. Defendant Chuck Swanson testified that What-a-Hurry was in good condition and sound for breeding when transported from his farm. A. O. Chub Askins testified that he is a horse breeder who served as Gibson's agent in fall 1985. He testified that he examined What-a-Hurry for Gibson at that time and found no problems, particularly relating to breeding. Dr. Sid Gustafson, a Bozeman veterinarian, also testified. He stated that he had treated What-a-Hurry in 1984 and 1985 and that he had discussed the mare's medical history with Gibson in November 1985, giving his opinion that the mare was sound for breeding.

The court entered its findings of fact and conclusions of law, ruling that the Swansons had complied with all their legal obligations under the terms of the sale to Gibson. It awarded the Swansons $80 as their costs of suit.

Gibson objects on appeal to the admission of A. O. Askins' testimony into evidence. However, evidence is admissible unless a timely objection to its admission is raised. Rule 103, M.R.Evid. Because Gibson failed to appear for trial, he has waived any right to object to admission of evidence.

Gibson next argues that the court should have found that the Swansons defrauded him. He correctly sets out the nine elements of fraud. See McGregor v. Mommer (1986), 220 Mont. 98, 105, 714 P.2d 536, 540. However, this argument fails because Gibson presented no evidence at trial to support his claim.

Finally, Gibson argues that there was insufficient evidence to support that What-a-Hurry was sound for breeding at the time of the sale. The testimony of all three witnesses at trial supports the finding that What-a-Hurry was sound for breeding at

3

the time of the sale.  We note that Gibson did not produce any evidence that What-a-Hurry was <u>not</u> sound for breeding at the time of the sale.  We hold that the District Court did not abuse its discretion in finding that What-a-Hurry was sound for breeding at the time of sale.

Affirmed.

_____
Chief Justice

We concur:

_____
_____
_____
_____
Justices

4